# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARVIND and ALKA AGARWAL, | |
| Plaintiffs, | Case No. 2:11-cv-01384-LDG-CWH |
| vs. | **ORDER** |
| OREGON MUTUAL INSURANCE CO., | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Omnibus Discovery Motion (#63), filed September 21, 2012; Defendant's Response (#74), filed October 8, 2012; and Plaintiffs' Reply (#75), filed October 15, 2012.  The Court will also consider Plaintiffs' Motion for Sanctions (#71), filed October 3, 2012; Defendant's Response (#76), filed October 19, 2012; and Plaintiffs' Reply (#78), filed October 26, 2012.

## BACKGROUND

This case was originally filed California Superior Court on March 21, 2011.  It was removed to the United States District Court for the Northern District of California on May 13, 2011.  Shortly thereafter, on August 26, 2011, the case transferred to this Court.  (#28).  The case involves an insurance claim made by Plaintiffs to their insurer, Defendant Oregon Mutual, for theft and vandalism loss at an apartment building owned by Plaintiffs.  Plaintiffs seek declarative judgment that they are entitled to payment under the terms of the policy issued by Defendant Oregon Mutual.  Plaintiffs also seeks damages, including punitive damages, for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) bad faith.

Upon transfer to this Court, the undersigned scheduled a telephonic status conference.  (#37).

At the hearing, the parties were instructed to file a joint discovery plan and Plaintiffs' counsel was instructed to file the appropriate pro hac vice paperwork. *See* Mins. of Proceedings (#39). The parties filed their proposed discovery plan on October 7, 2011, which was approved by the Court.[1] (#41). The parties filed a stipulation to extend discovery on January 25, 2012, which was approved and entered on January 26, 2012. As a result, discovery was scheduled to close on August 15, 2012, with dispositive motions due by September 10, 2012 and the joint pretrial order due by September 28, 2012. (#50).

After the parties request for an extension of discovery was approved, the Court did not hear from the parties until they filed their interim status report on July 6, 2012. (#51). The parties did not identify any discovery disputes in the interim status report. The next filing on the docket is Defendant's motion for summary judgment (#52), filed August 3, 2012. Plaintiffs filed their response on August 28, 2012. (#58). The response was filed after the close of discovery and, in part, requests the Court to exclude certain evidence from consideration because it was not produced during discovery. *See* Pls' Resp. (#58) at 2:19-22; 8:1-4. Plaintiffs' request for exclusion is the first time the Court has been informed of any type of discovery dispute. In reply, Defendant Oregon Mutual asserted that the discovery abuse allegations were unsupported and unexplained. To the extent there were potentially valid discovery disputes, Oregon Mutual cited several cases standing for the proposition that a party ignores available discovery remedies at its peril. *See* Def.'s Reply (#59) at 3:13 - 4:3. Oregon Mutual also noted that all documents submitted in support of its motion for summary judgment were produced during discovery. *Id*. at n. 3.

On September 21, 2012, Plaintiffs filed the motion currently under consideration and styled it an "omnibus discovery motion." (#63). In it, Plaintiffs accuse Defendant of failing to "fulfill [its] most basic discovery obligations" by not producing several types of documents and, as near as the Court can tell, producing an unprepared Rule 30(b)(6) deponent. Plaintiffs request an order compelling responses to the several different categories of discovery requests, including the

---

[1] By virtue of the scheduling order, discovery was set to close on May 4, 2012 with dispositive motions due by June 3, 2012 and the proposed joint pretrial order due by July 5, 2012.

following:

    1) production of emails pursuant to: Rule 34 requests 3, 6, 7, and 10; notice of deposition categories 4, 6, and 12; Rule 26 expert disclosure; and Fed. R. Evid. 612;

    2) production of entire claims file pursuant to: request to produce category 29; third set of request to produce under categories 52 and 53; 30(b)(6) notice of deposition; and Rule 26 expert disclosure;

    3) production of statement pursuant to requests to produce categories 1, 2, 17, 18, 19, 20, 21, 22, 23, and 24 as well as pursuant to notices of deposition;

    4) production of communications with witnesses whose statements were part of Defendant's motion for summary judgment pursuant to request to produce categories 17, 18, 19, 20, 21, 22, 23, and 24;

    5) production of claims manual pursuant to: request to produce category 14; third set of requests for production categories 54 and 55; notice of deposition of Jerry Masonheimer; and notice of 30(b)(6) deposition;

    6) compel production of writings concerning site inspection pursuant to request for production category 35 and second requests for production categories 47 -51;

    7) compel completion of deposition of Jerry Masonheimer with production of documents pursuant to categories 1, 2, 3, 11, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 29, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 50, 51, and 54; and

    8) completion of deposition of Thomas Anderson with production of documents pursuant to categories 1, 2, 9, 11, 12, 16, 17,18, 19, 20, 21, 22, 25, 26, 27, 29, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 50, 51, 53 and 54 and as reviewed by the witness pursuant to FRE Rule 612.

Plaintiffs also request that the Court exclude evidence and argument for those matters on which Defendant's Rule 30(b)(6) deponent was not adequately prepared to respond, and that the Court exclude all expert opinions from Defendant's retained experts for failure to comply with the expert disclosure requirements.

    In response, Defendant identifies several procedural and substantive flaws that it argues compel denial of the Plaintiffs' "omnibus" motion. First, Defendant argues that the entire motion is untimely as it was filed after the close of discovery, after the dispositive motion deadline, and after Defendant's summary judgment was fully briefed. Second, Defendant argues that Plaintiffs' counsel failed to meet and confer prior to filing the motion in violation of Fed. R. Civ. P. 37(a)(1) and Local Rule ("LR") 26-7(b). Third, Defendant argues that the "omnibus" motion does not comply with LR 26-7(a) as it does not "set forth in full the text of the discovery originally sought and the response thereto, if any." Fourth, Defendant argues that the motion is so vague that it is "indecipherable" and

contains no demonstration of any actual or substantial prejudice.  Finally, Defendant does its best to articulate a substantive response and concludes that Plaintiffs are not entitled to the relief requested. Plaintiffs replied: (1) that the motion was timely; (2) that he made good faith efforts to meet and confer to; and (3) that he is entitled to the relief he seeks.

## DISCUSSION

### A.  Plaintiffs' Motion to Compel

As noted by Defendant, it appears Plaintiffs have filed this "omnibus" motion in an attempt to vindicate each and every perceived slight that they believe occurred over the course of this litigation. The motion shows a casual and consistent disregard for the Federal Rules, Local Rules, and discovery process in general.  As the Ninth Circuit has noted, "[m]uch ink has been spilled on the costs of the abuse of the discovery process." *See Burlington Northern & Santa Fey Ry. Co. v. United States*, 408 F.3d 1142, 1148 (9th Cir. 2005).  The motion falls well short of meeting the minimal procedural requirements necessary for consideration and will be denied.

#### 1. Local Rule 7-2(b)

The Court finds that Plaintiffs have failed to file points and authorities in support of their motion.  The failure to do so "constitutes a consent to the denial of the motion." *See* LR 7-2(b). Plaintiffs seeks a broad order compelling production or further responses to discovery from Defendant.  At no point in the body of his motion do Plaintiffs cite the Rule under which they are pursuing for purposes of this motion.  In the conclusion of the motion, Plaintiffs' counsel cites Rule 37(a)(3)A), (B), (4), and (c), but does so without setting forth the standard for consideration under any of the rules or tying his specific requests to a specific rule.  The burden is Plaintiffs to demonstrate they are entitled to the relief they seek.  This starts with citing the appropriate rule and linking the specific relief to the rule under which it is sought.  That was not done here.

#### 2. Local Rule 26-7(a)

Plaintiffs fail to set forth in their motion "the text of the discovery originally sought and the responses thereto, if any." *See* LR 26-7(a).  Plaintiffs have simply attached all of his prior discovery requests as exhibits.  For the most part, Plaintiffs do not even bother to link their arguments to specific discovery requests and make no effort to address the several objections served in response to

their various discovery requests. Essentially, Plaintiffs have just dumped all of the prior discovery into this motion with the expectation that the Court sift and root for issues. With all due respect, "judges are not like pigs, hunting for truffles buried in briefs" and it is not the responsibility of the judiciary "to sift through scattered papers in order to manufacture arguments for parties." *See Greenly v. Sara Lee Corp.*, 2008 WL 1925230 (E.D. Cal.) (citing *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (1994)).

### 3. Meet and Confer

To the extent Plaintiffs are seeking relief under Rule 37(a), the rule requires that a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, LR 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

Both the meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26-7(b) serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*. In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter.

*Id*.

5

In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement. First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170. Second, the moving party must actually confer or attempt to confer in good faith. *Id*. The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171. A good faith attempt requires more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id*. Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b).

Absent compelling circumstances not present here, the mere exchange of letters has long been seen as insufficient to satisfy the "personal consultation" requirement. *See e.g.*, *Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989). *Shuffle Master* made clear that the mere exchange of letters is also insufficient to demonstrate a good faith effort to meet and confer under Rule 37. *Shuffle Master*, 170 F.R.D. at 172. Simply put, the exchange of letters, by itself, is an inadequate means through which counsel may attempt to confer or personally consult. To be sure, the exchange of letters or emails may serve to narrow or inform the issues prior to personal consultation, but both Rule 37(a)(1) and LR 26-7(b) require more.

Here, Plaintiffs' counsel's effort to engage in meaningful discussions to resolve these discovery disputes was inadequate. Plaintiffs' counsel has not sufficiently demonstrated that the parties engaged in the type of meet and confer process or personal consultation contemplated by the rules. Instead, it appears there was nothing more than an exchange of terse letters and emails. Nowhere is it apparent in the motion that counsel made the requisite good faith effort at personal consultation.

**4. Timeliness of Motion**

A motion to compel filed during the discovery period will rarely be considered untimely. Absent unusual circumstances, however, it should be filed before the scheduled date for dispositive motions. *Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D.Nev.1999). *See also Thurston v. City of North Las*

*Vegas,* 2011 WL 3841110, *1 (D.Nev.2011) and *Hall v. Schumacher,* 2011 WL 4458845 (D.Nev.2011). A litigant may not delay a motion to compel with impunity. *Gault*, 184 F.R.D. at 622. Plaintiffs do not contest that the motion was filed after the close of discovery, after the dispositive motions deadline, and after the summary judgment was fully briefed. Rather, Plaintiffs insist that there are unusual circumstances that make the timing of the motion to compel reasonable.

Plaintiffs argue that the timing of the motion is reasonable because there is no established deadline for the filing of discovery motions. It is true, that neither the federal nor local rules specify a timeline for filing of discovery motions, but *Gault* and subsequent cases address this issue and set forth the standard for consideration of discovery motions filed after the discovery cutoff date. The Court has looked at each of the reasons advanced in support of the untimely filing and finds that there are no unusual circumstances here that would cure the late filing.

Plaintiffs appear to argue that the prior extensions of discovery or the undersigned's order (#67) addressing the timing for filing the joint pretrial order somehow excuse the late filing. The Court rejects this argument. The prior discovery extensions actually benefit Plaintiffs as they extend the time to file discovery motions. The granting of the parties stipulation to extend the date to file the joint pretrial order bears no relation to the timeliness of a discovery motion. Indeed, as was noted in the order (#67), the extension of the deadline to file the joint pretrial order after a dispositive motion is filed is an operation of this Court's local rules.

Plaintiffs also argue that their discovery requests were made in sufficient time to allow the opposing party to respond before discovery closed. Even assuming this is true, it is unrelated to the question of the timing of this discovery motion. Indeed, as near as the Court can tell, all of Plaintiffs' discovery was responded to prior to the close of discovery and prior to the filing of the motion for summary judgment. To the extent Plaintiffs are seeking relief for failure to comply with Rule 30 deposition notices, Defendant served objections to the notices well before the depositions occurred. As such, Plaintiffs' counsel's decision to delay filing this motion until after the discovery cutoff, after the dispositive motions deadline, after the summary judgment briefing, and approximately sixty (60) days

after the depositions concluded was not reasonable.[2]

Finally, Plaintiffs appear to argue that the Court should take into account Defendant's production of documents after the discovery deadline in the determination of timeliness on Plaintiffs' motion. The production of discovery after the discovery cutoff date does not cure the untimely nature of this discovery motion. It is not clear how any additional disclosure would cure the untimely nature of this discovery motion. Rule 26(e)(1)(A) provides:

> A party who has . . . responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect or if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Rule 26(e) creates a duty to supplement, not a right. *See Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (holding district court did not abuse its discretion in excluding untimely expert declarations). Rule 26(e) does not create a "loophole" for a party to use to its advantage after the deadline has passed. *Id.* The Advisory Committee Notes on the 1993 Amendment to rule 26(e) state, "[s]upplementation should be made with special promptness as the trial date approaches," suggesting that the duty continues up to the time of trial. The failure to supplement under Rule 26(e) may be sanctionable under Rule 37(c). Nevertheless, Plaintiffs have not briefed the issue and have not shown the initial responses were incomplete or incorrect.

Ultimately, the Court does not believe the timing of the motion was "tactically inspired." But the motion does fall short of several procedural requirements and is untimely.

**B. Plaintiffs' Motion for Sanctions**

Shortly after filing their "omnibus" discovery motion, Plaintiffs filed a motion for sanctions (#71), requesting that the Court award monetary sanctions in conjunction with the discovery motion under Rule 37. Plaintiffs also request that the Court enter an order pursuant to 28 U.S.C. § 1927 or the

---

[2] It also appears that Plaintiff is arguing that he was precluded from bringing this discovery motion until after he received a transcript of the depositions. The Court disagrees. Defendant filed his objections to the deposition notices prior to the depositions taking place and the failure, if any, to adequately prepare or participate in the deposition was known at the time of the deposition. There was no need to wait until the transcripts were received to file this motion. Additionally, the transcripts were received prior to the dispositive motions deadline and Plaintiff still delayed filing of the motion.

Court's inherent authority awarding fees and expenses incurred throughout the litigation for Defendant's alleged failure to fulfill the most "basic obligations of a litigant" throughout discovery.  Plaintiffs are seeking in excess of $20,000.00 in fees and expenses for the alleged misconduct.  In response, Defendant's argue that sanctions under Rule 37 would only be available in the event Plaintiffs' omnibus motion were granted in full or in part.  Defendant further argues that Plaintiffs have not made the necessary showing under section 1927, or to invoke the Court's inherent authority, to justify the requested sanctions.

**A.  Section 1927**

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions under section 1927 "must be supported by a finding of subjective bad faith."  *In re Keegan Mgmt., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (citation omitted).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  *Id*.  Plaintiffs have failed to demonstrate how any of the conduct of which is complains meets the test for subjective bad faith.  Thus, the Court declines to consider any sanctions under section 1927.

**B.  Inherent Authority**

Citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), Plaintiffs also ask the Court to exercise its inherent authority and sanction Defendant for its alleged discovery misconduct.  The Court has the inherent power to levy sanctions for abusive litigation tactics.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980).  This inherent authority to issue sanctions was reiterated in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) and extends "to a full range of litigation abuses."  *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (quoting *Chambers*, 501 U.S. at 46-47).  Nevertheless, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44.  "When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal] Rules, the court ordinarily should rely on the Rules rather than the inherent power."  *Id*. at 50.  Imposition of sanctions using the court's inherent powers must "be preceded by a finding of bad faith, or

1  conduct tantamount to bad faith." *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (citing *Fink*, 239 F.3d at 993).  As previously held, Plaintiffs have failed to demonstrate that Defendant has acted in bad faith.  Consequently, the Court declines to exercise its inherent authority to issue sanctions.

### C. Fees under Rule 37

Finally, Plaintiffs request that he is entitled to expenses and fees under Rule 37(a)(5) for having to file their motion to compel.  The Court agrees that the provisions of Rule 37(a)(5) apply to Plaintiffs' motion to compel (#63), which, for the reasons stated herein, is denied in its entirety.  Consequently, it is Defendant, not Plaintiffs, who is entitled to pursue an award of expenses and fees.  *See* Fed. R. Civ. P. 37(a)(5)(B) (if a motion to compel discovery is denied "the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.").  Thus, Defendant is invited to submit an affidavit of reasonable expenses, including attorney fees, incurred in opposing Plaintiffs' motion.  The affidavit is due on or before January 25, 2013.  Failure to submit the affidavit will result in no fees or expenses being awarded.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Omnibus Discovery Motion (#63) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (#71) is **denied**.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(a)(5)(B), Defendant may submit an affidavit of expenses, including attorney fees, incurred in opposing Plaintiffs' motion (#63).  The affidavit must be filed by **3:00 PM on Friday, January 25, 2013**.  If filed, Plaintiffs shall have the normal briefing period to file any response.

DATED this 18th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**