UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARVIND and ALKA AGARWAL,<br><br>              Plaintiffs,<br><br>vs.<br><br>OREGON MUTUAL INSURANCE COMPANY,<br><br>              Defendant. | 2:11-cv-01384-LDG-NJK<br><br>**O R D E R** |

Before the Court is Defendant's Affidavit of Expenses, Including Attorney Fees, Incurred by Defendant Oregon Mutual in Opposing Plaintiffs' "Omnibus Discovery Motion," Docket No. 80. The Court has considered Defendant's Affidavit, Docket No. 80, Plaintiffs' Opposition, Docket No. 83, the Declaration of Defendant's Counsel, Docket No. 81, and the Declaration of Defendant Arvind Agarwal, Docket No. 82.

**I.   RELEVANT BACKGROUND**

On September 12, 2012, Plaintiffs filed an "Omnibus Discovery Motion," which was essentially a motion to compel. Docket No. 63. Shortly thereafter, on October 3, 2013, Plaintiffs filed a Motion for Sanctions, in which they requested costs and fees under Rule 37(a)(5) for having to file their motion to compel. Docket No. 71.

On January 18, 2013, the Court denied Plaintiffs' motion to compel and Plaintiffs' motion for sanctions in their entirety. Docket No. 79. The Court indicated that, although Plaintiffs were not entitled to costs and fees because they lost their motion, Defendant could

pursue an award of expenses and fees since it won the motion. *Id*. at 10. The Court invited Defendant to submit an affidavit of reasonable expenses, including attorney's fees, incurred in opposing Plaintiffs' motion. *Id*.

Defendant submitted its affidavit of expenses on January 24, 2013, seeking $12,028.62 in costs and fees. Docket No. 80. Plaintiffs filed their opposition and supporting declarations on February 14, 2013. Docket Nos. 81, 82, and 83.

## II.  **SANCTIONS**

When a Rule 37 motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P 37(a)(5). However, "the court must not order this payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id*.

Here, Plaintiffs acknowledge that they did not comply with LR 26-7 and, therefore, did not attempt to meet and confer in good faith. Docket No. 81, at 1. However, Plaintiffs argue that their motion was substantially justified and that other circumstances make an award of expenses unjust. Docket No. 83, at 1.

### A.  **Substantial Justification**

A losing party on a motion to compel discovery is "substantially justified" if "reasonable people could differ" as to whether the requested discovery was required. *See Srinivasan v. Devry Institute of Technology*, 53 F.3d 340 (9th Cir. 1995); *citing Reygo Pacific Corp. v. Johnson Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)(overturned on other grounds).

The Court has reviewed Plaintiffs' Motion to Compel, Docket No. 63, Defendant's Response, Docket No. 74, Plaintiffs' Reply, Docket No. 75, the Court's Order, Docket No. 79, and the briefing surrounding this sanctions issue. Having reviewed the matter, the Court finds that Plaintiffs' Motion was not substantially justified. Plaintiffs failed to cite to any points and

1  authorities and, as the Court stated in its Order, Plaintiffs "just dumped all of the prior discovery
2  into [their] motion with the expectation that the Court sift and root for issues." Docket No. 79, at
3  5. Accordingly, since Plaintiffs' arguments were unsupported and not discernable, reasonable
4  people could not have differed as to whether the requested discovery should be produced.

5       **B.**    **Other Circumstances**

6  Plaintiffs have the burden of showing that other circumstances exist which make an
7  award of fees unjust. *See e.g. Varney v. California Highway Patrol*, 2013 WL 2299544. *3 (N.D.
8  Cal. May 24, 2013)*; citing Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir.1994)("[T]he
9  burden of showing substantial justification and special circumstances is on the party being
10 sanctioned").  Plaintiffs have not met this burden. Although they argue that other circumstances
11 exist, they provide no support for that argument.

12 **III.**    **"LODESTAR" METHOD**

13 The Court determines whether the amount of a Rule 37 request for attorneys' fees is
14 reasonable using the two part "lodestar" method. *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622
15 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  First, the court computes the
16 "lodestar" figure by multiplying the reasonable hourly rate by the number of hours expended.
17 *Carpad, Inc. v. Brookstone Co.*, 2005 LEXIS *2 (D. Nev.) (applying the lodestar approach to
18 calculate attorneys fees awarded to party that prevailed on Rule 37 motion for violation of
19 existing court order) (citing *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).
20 Second, the court considers whether to adjust the lodestar figure based on the relevant factors
21 listed in *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975).  In the District of
22 Nevada, the Kerr factors have been codified in LR 54-16(b)(3). *Johnson v. Incline Village Gen.*
23 *Improvement Dist.*, 5 F. Supp. 2d 1113, 1116 (D. Nev. 1998).

24      **A. The "Lodestar" Figure**

25 The "lodestar" figure is calculated by multiplying the reasonable hourly rate by the
26 number of hours reasonably expended.  The reasonableness of the hourly rate is calculated
27 according to the "prevailing market rates in the relevant community." *Barjon v. Dalton*, 132
28 F.3d 496, 500 (9th Cir. 1997) (*quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  Generally,

the relevant community is the forum in which the court sits. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). Here, Las Vegas, Nevada is the relevant community.

### 1. Hourly Rate

The first inquiry is whether the submitted rate is reasonable in the Las Vegas area. The established standard is "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Here, Defendant has failed to indicate its counsel's hourly rate. Docket No. 80, at 2-3. Further, the Court cannot discern the hourly rate from the information provided. Defendant's counsel indicates that they charged $1,995 for 7.6 hours of attorney work, which implies a $262.50 hourly rate (1995/7.6 = 262.5), and that they charged $9,536 for 36.6 hours of attorney work, which implies a $260.55 hourly rate (9536/36.6 = 260.546). These rates are not consistent and the Court will not guess which, if either, is correct.

Additionally, Defendant indicates that at least two attorneys worked on this dispute. However, Defendant does not state the rate that each attorney charged nor their level of experience. Therefore, the Court has no basis for determining an appropriate hourly rate for the attorneys who worked on this matter.

Finally, the moving party should provide the Court and opposing party with its relevant billing statements. *See Roush v. Berosini*, 66 Fed. Appx. 725, 726 (9th Cir. 2003). Defendant has not done so here. However, an award of attorneys' fees may be based on the affidavits of counsel, so long as they are "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); quoting *Williams v. Alioto,* 625 F.2d 845, 849 (9th Cir.1980) (per curiam), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); *accord Sablan v. Department of Fin. of N. Mariana Islands,* 856 F.2d 1317, 1322 (9th Cir.1988) ("sufficiently detailed to provide an adequate basis for calculating the award"); *Shakey's Inc. v. Covalt,* 704 F.2d 426, 435 (9th Cir.1983) ("ample evidence to support the attorney's fee award"); *Manhart v. City of Los Angeles,* 652 F.2d 904, 908 (9th Cir.1981) ("sufficiently detailed to provide a basis for the award"), *vacated on other grounds,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983).

Here, Defendant's affidavit is not sufficiently detailed. It provides basic descriptions of work performed and then, without explanation, asserts the work took a certain number of hours. There are no dates provided, no breakdown of how the hours were spent, and no indication relating to what work each attorney performed.

Without information relating to a reasonable hourly rate, the Court concludes that it cannot determine the lodestar figure. Without a lodestar figure, the Court cannot calculate a reasonable sanction. Accordingly, due to the lack of sufficient information from Defendant, the Court denies the requested sanction.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Affidavit of Expenses, Including Attorney Fees, Incurred by Defendant Oregon Mutual in Opposing Plaintiffs' "Omnibus Discovery Motion," Docket No. 80, is **DENIED**.

DATED this  2nd   day of October, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**