UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARVIND and ALKA AGARWAL,<br><br>                    Plaintiffs,<br><br>vs.<br><br>OREGON MUTUAL INSURANCE COMPANY,<br><br>                    Defendant. | 2:11-cv-01384-LDG-NJK<br><br>**O R D E R** |

Before the Court is Defendant's Motion for Magistrate Judge to Reconsider Magistrate Judge Order, Docket No. 95. The Court has considered Defendant's Motion, Docket No. 95, and Plaintiffs' Response, Docket Nos. 96, 97, and 98. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

**I.    BACKGROUND**

On September 12, 2012, Plaintiffs filed an "Omnibus Discovery Motion," which was essentially a motion to compel. Docket No. 63. Shortly thereafter, on October 3, 2013, Plaintiffs filed a Motion for Sanctions, in which they requested costs and fees under Rule 37(a)(5) for having to file their motion to compel. Docket No. 71.

On January 18, 2013, the Court denied Plaintiffs' motion to compel and Plaintiffs' motion for sanctions in their entirety. Docket No. 79. The Court indicated that, although Plaintiffs were not entitled to costs and fees because they lost their motion, Defendant could pursue an award of expenses and fees since it won the motion. *Id*. at 10.  The Court invited

Defendant to submit an affidavit of reasonable expenses, including attorney's fees, incurred in opposing Plaintiffs' motion. *Id*.

Defendant submitted its affidavit of expenses on January 24, 2013, seeking $12,028.62 in costs and fees. Docket No. 80. The affidavit was poorly drafted and did not provide sufficient detail for the Court to calculate fees. *Id*. Therefore, although the Court determined that sanctions were appropriate under Rule 37, it denied an award of fees because Defendant's affidavit was insufficient. Docket No. 94.

Thereafter, Defendant filed the present motion for reconsideration. Docket No. 95. Plaintiffs filed an Opposition. Docket No. 96.

## II.   RECONSIDERATION

The Court has inherent jurisdiction to modify, alter or revoke a non-final order in which reconsideration is sought." *Rich v. TASER Int'l, Inc.*, 917 F. Supp. 2d 1092, 1094 (D. Nev. 2013)*; Goodman v. Platinum Condo. Dev.,* 2012 WL 1190827, at *1 (D.Nev. Apr. 10, 2012); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 889 (9th Cir.2001) (a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir.2000).

Here, Defendant requests that the Court reconsider the portion of its prior order which denied fees for failing to provide an adequate affidavit.  In response, Plaintiffs primarily assert that their original motion to compel does not warrant sanctions; however, that is not at issue in the present motion.[1] Defendant has provided the Court with relevant case law as well as a clarification of its prior affidavit, all of which has persuaded the Court to revisit its prior Order.

---

[1] Neither party has timely objected to the portions of the Court's order which determined that Plaintiffs did not properly meet and confer before filing their motion to compel; that the motion to compel was not substantially justified; and that no other circumstances made an award of fees unjust. *See* Docket No. 96.  If Plaintiffs' intent was for their Response to serve as a counter-motion, they have not clearly indicated that intent. Indeed, Plaintiffs' entire Response is almost incomprehensible. Further, such an objection would need to be filed within 14 days of the Court's prior order and no such motion was filed. *See* Local Rule IB 3-2; *see also Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986).  The Court has determined that none of the Rule 37(a)(5)'s exceptions exist here and it will not revisit that portion of its prior order.

The Ninth Circuit has held that Courts should not deny a fee award simply because an hourly rate is excessive or application poorly documented. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 - 1122 (9th Cir. 2000). Here, Defendant's only error was that it poorly documented the attorney's fees and it has since corrected that error. Accordingly, since the Court has previously determined that fees are appropriate, it will address whether the amount requested for attorneys' fees is reasonable.

### III. "LODESTAR" METHOD

The Court determines whether the amount of a Rule 37 request for attorneys' fees is reasonable using the two part "lodestar" method. *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). First, the court computes the "lodestar" figure by multiplying the reasonable hourly rate by the number of hours expended. *Carpad, Inc. v. Brookstone Co.*, 2005 LEXIS *2 (D. Nev.) (applying the lodestar approach to calculate attorneys fees awarded to party that prevailed on Rule 37 motion for violation of existing court order) (citing *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Second, the court considers whether to adjust the lodestar figure based on the relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). In the District of Nevada, the *Kerr* factors have been codified in LR 54-16(b)(3). *Johnson v. Incline Village Gen. Improvement Dist.*, 5 F. Supp. 2d 1113, 1116 (D. Nev. 1998).

#### A. The "Lodestar" Figure

The "lodestar" figure is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended. The reasonableness of the hourly rate is calculated according to the "prevailing market rates in the relevant community." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (*quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Generally, the relevant community is the forum in which the court sits. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). Here, Las Vegas, Nevada is the relevant community.

##### 1. Hourly Rate

The first inquiry is whether the submitted rate is reasonable in the Las Vegas area. The established standard is "the rate prevailing in the community for similar work performed by

1   attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796
2   F.2d 1205, 1210-11 (9th Cir. 1986).  Here, Defendant's counsel submitted two affidavits
3   requesting the Court find the rates of $300 per partner hour, $260 per associate hour, and $75 per
4   paralegal hour reasonable. Docket No. 95-2, at 3; Docket No. 95-3. Defendants have also
5   elaborated on each attorneys' and the paralegal's respective education, skills, and experiences
6   justifying their hourly rates, Docket No. 95-2, and why those rates are reasonable within the local
7   community, Docket No. 95-3. Plaintiffs have not provided a counter-affidavit or argument
8   relating to the reasonableness of Defendant's counsel's hourly rate.  Accordingly, the Court
9   concludes that Plaintiffs do not object to Plaintiffs' counsel's hourly rate. Further, the Court,
10  based on its own familiarity with attorney rates in Las Vegas, concludes that a billing rate of
11  $300 per partner hour, $260 per associate hour, and $75 per paralegal hour is reasonable in this
12  case.

### 2. Hours Expended

14        The party requesting fees must next demonstrate that the hours expended are reasonable.
15  The moving party therefore should provide the Court and opposing party with its relevant billing
16  statements.  *See Roush v. Berosini*, 66 Fed. Appx. 725, 726 (9th Cir. 2003).  However, an award
17  of attorneys' fees may be based on the affidavits of counsel, so long as they are "sufficiently
18  detailed to enable the court to consider all the factors necessary in setting the fees." *Henry v. Gill
19  Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993); quoting *Williams v. Alioto,* 625 F.2d 845, 849
20  (9th Cir. 1980) (*per curiam*), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213
21  (1981); *accord Sablan v. Department of Fin. of N. Mariana Islands,* 856 F.2d 1317, 1322 (9th
22  Cir. 1988) ("sufficiently detailed to provide an adequate basis for calculating the award");
23  *Shakey's Inc. v. Covalt,* 704 F.2d 426, 435 (9th Cir.1983) ("ample evidence to support the
24  attorney's fee award"); *Manhart v. City of Los Angeles,* 652 F.2d 904, 908 (9th Cir. 1981)
25  ("sufficiently detailed to provide a basis for the award"), *vacated on other grounds,* 461 U.S.
26  951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983). The Court may then evaluate the fee amount
27  requested and determine if the hours expended are reasonable for the work done. *See Henry,* 983
28  F.2d at 946.

1    Here, Defendant has provided the declaration of attorney Lisa Kirk as well as the relevant
2 billing statements, which explain how the hours were expended. Docket No. 95-2, at 3, 6-7.
3 Based on this information, the Court can consider all factors necessary in setting fees. The
4 affidavit discloses the nature of the services rendered in connection to responding to Plaintiffs'
5 motion to compel, the amount of time so consumed by each attorney and the paralegal, and the
6 rates at which this time was billed to the client.  The billing statement breaks down by the tenth
7 of the hour how the time was spent and by whom. Plaintiffs have not objected to the hours
8 expended as listed in the affidavit or the billing statement.
9    Having reviewed the affidavit and billing statements, as well as Plaintiffs' motion to
10 compel, which without a doubt required an extensive number of hours to review and respond to,
11 the Court finds that the hours expended by Defendant's counsel were reasonable.  Further,
12 Plaintiffs do not dispute costs, which in this case were $99.12.
13    Based on multiplying the reasonable partner hourly rate of $300 by the reasonable partner
14 hour of 1; adding it to the reasonable associate hourly rate of $260 multiplied by the reasonable
15 associate hours of 43.2; and adding that amount to the reasonable paralegal hourly rate of $75
16 multiplied by the reasonable paralegal hours of 5.3, the reasonable "lodestar" figure is
17 $11,929.50.  Adding reasonable costs of $99.12 to that figure, the Court determines that
18 $12,028.62 is a reasonable fee award.

**B. Kerr Factors**

20    The second step in the inquiry is whether the lodestar figure should be adjusted based on
21 the *Kerr* factors.  *See supra*. at 3.  The *Kerr* factors are: (1) the time and labor required; (2) the
22 novelty and the difficulty of the questions involved; (3) the skill required to perform the legal
23 service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the
24 fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the
25 amount involved and the results obtained; (9) the experience, reputation, and ability of the
26 attorney; (10) the undesirability of the case; (11) the nature and length of the professional
27 relationship with the client; and (12) award in similar cases. *Kerr*, 525 F.2d at 70; *see also* LR
28 54-16.  The Court has considered the relevant *Kerr* factors and finds that legal and factual issues

in this case do not warrant an adjustment to the "lodestar" figure in either direction.

### C. Party Responsible to Pay Fees

Pursuant to Fed.R.Civ.P. 37, and because Plaintiffs' counsel has informed the Court that counsel is at fault, not Plaintiff, *see* Docket No. 97, the Court orders that sanctions are awarded against Plaintiffs' counsel.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Magistrate Judge to Reconsider Magistrate Judge Order, Docket No. 95, is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs' counsel is sanctioned in the amount of $12,028.62 payable to Defendant due forthwith.

DATED this 30th day of October, 2013.

**NANCY J. KOPPE**
**United States Magistrate Judge**